UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 10-20659-CIV-ALTONAGA/Brown**

**EUGENIO PEREZ**,

    Plaintiff,

vs.

**UNITED TEACHERS OF DADE**,

    Defendant.

_____ /

**ORDER**

**THIS CAUSE** is before the Court upon Defendant, United Teachers of Dade's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim [D.E. 12], filed on April 1, 2010. The Court has carefully considered the parties' written submissions and applicable law.

**I. BACKGROUND**

This case arises from an election of officers for a public employees' labor union, which serves as the exclusive bargaining representative for the teaching staff and other employees of the Miami-Dade Public School System. The Plaintiff, Eugenio Perez ("Perez"), filed suit against the Defendant, United Teachers of Dade ("UTD"), on March 4, 2010, seeking emergency injunctive relief related to the election held in February 2010. (*See* Compl. - Mot. for Emer. Inj. Order ("*Compl.*") [D.E. 1]). Perez, a candidate for president of the UTD, alleges various election violations and seeks an order (1) requiring the UTD to surrender an election forensics report, (2) requiring the UTD to make available for hearing an officer of the computer company that conducted the election, and (3) delaying the election certification and any run-off elections. (*See id.* at 2-5). The UTD

Case No. 10-20659-CIV-ALTONAGA/Brown

timely filed the present Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  The UTD also seeks an award of attorney's fees and costs.  (*See* Mot. at 12).

## II. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

UTD raises two issues in its Motion to Dismiss.  First, it claims the Court lacks subject matter jurisdiction because the Complaint fails to raise a federal question.  (*See* Mot. at 6-7).  Second, UTD contends Perez has failed to state a claim upon which relief can be granted because he has not established the necessary elements for injunctive relief.  (*See id.* at 10-12).  The latter issue is not addressed because the Court lacks subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**A.     Legal Standard**

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A presumption exists that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.  *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).  The burden of establishing that jurisdiction exists falls to the party invoking the court's jurisdiction.  *See id.*; *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts according to the nature of the case."). Furthermore, a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings.  *See* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522 (1975).

Case No. 10-20659-CIV-ALTONAGA/Brown

Attacks on subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may be either facial or factual.  *See Lawrence v. Dunbar*, 929 F.2d 1525, 1528-29 (11th Cir. 1990).  Like a Rule 12(b)(6) motion, "[a] 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977)).[1]  Factual attacks are different in that they "challenge[] the existence of subject matter jurisdiction in fact, irrespective of the pleadings and matters outside of the pleadings, such as testimony and affidavits, are considered." *Id*.

**B.   Analysis**

The UTD maintains Perez fails to raise a federal question in his Complaint.  As a public employees' organization, the UTD asserts it is not subject to the Labor Management Relations Disclosure Act (the "LMRDA"), 29 U.S.C. § 402.  In his Response, Perez suggests that because the UTD By-Laws adopt the standards of the LMRDA for its elections, the UTD is subject to federal law.  (*See* Resp. [D.E. 15] ¶ 4).  Section 1 of Article IV of the By-Laws, titled "Elections and Nominations," states: "All elections conducted pursuant to this Article shall be in accordance with the provision of 29 U.S.C., Sec. 481 (Landrum-Griffin Act)." (*Compl.* at 29, *see also* ¶ 4).

The original jurisdiction of the district court extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a case "arises

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No. 10-20659-CIV-ALTONAGA/Brown

under" federal law turns on whether the plaintiff's "well-pleaded complaint" raises a federal question. *Belasco v. W.K.P. Wilson & Sons, Inc.*, 833 F.2d 277, 281 (11th Cir. 1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) and *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)). "[A] case 'arises under' federal law if federal law creates the cause of action, or a substantial disputed issue of federal law is a necessary element of a state law claim." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citing *Franchise Tax Bd. v. Constr. Laborers*, 463 U.S. 1, 9-10 (1983)).

A labor organization under the LMRDA is "any organization engaged in an industry affecting commerce . . . in which employees participate and which exists for the purpose . . . of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment . . . ." 29 U.S.C. § 402(i). Section 402(e) of the LMRDA defines "Employer" for purposes of the Act and states, in pertinent part, that an employer "does not include the United States . . . or any State or political subdivision thereof." 29 U.S.C. § 402(e). This exclusion is further expounded upon in 29 C.F.R. § 451.3(4): "The term 'political subdivision' includes, among others, counties and municipal governments. A labor organization composed entirely of employees of the governmental entities excluded by section 3(e) would not be a labor organization for the purposes of the Act." *See also Local 1498, Am. Fed. of Gov't Employees v. Am. Fed. of Gov't Employees*, 522 F.2d 486, 490 (3d Cir. 1975).

The UTD is not subject to the LMRDA because the employees it represents work for an employer – the Miami-Dade School Board – that is a political subdivision of the State of Florida. While the UTD may have adopted a federal standard for conducting its elections, it did so

Case No. 10-20659-CIV-ALTONAGA/Brown

voluntarily. That choice, however, does not subject the UTD to enforcement under federal law or provide Perez a forum in federal court. Perez has not stated a cause of action that arises under federal law.

Finally, almost as an afterthought, the UTD seeks "an award of attorneys fees and costs." (Mot. at 12). Because the UTD fails to provide any justification for such an award, its request is denied.

### III.  CONCLUSION

Consistent with the foregoing analysis, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss **[D.E. 12]** is **GRANTED in part**.

2. This case is **DISMISSED without prejudice**.

3. Defendant's request for attorney's fees is **DENIED**.

4. The Clerk is directed to **CLOSE** this case and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in chambers at Miami, Florida, this 22nd day of April, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record